IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE OSBY, | ) | |
| | ) | No.   08 C 0913 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| P.O. GALLAGHER #18815, P.O. BECKMAN, | ) | |
| # 16887, J.R. ANDREWS #634 and the CITY | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago for its answer defenses and jury demand to plaintiff's complaint, states as follows:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and
this Court's supplementary jurisdiction powers.

**ANSWER**:   The City denies that the United States Constitution provides a direct cause

of action in this case. The City admits the remaining allegations of this paragraph.

**PARTIES**

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**   On information and belief, the City admits the allegations of this

paragraph.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:** On information and belief, the City admits the allegations of this paragraph.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits that Defendant Officers Gallagher, Beckman and Andrews are employed by the City as police officers, and on information and belief based on Chicago Police Department records, that Defendant Officers Gallagher, Beckman and Andrews at all times relevant to the complaint were acting under color of state law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## FACTS

5. On or about August 31, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. On or about August 31, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

      7.      The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

      **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

      8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

      **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

      9.      On August 31, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

      **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

      10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

      **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

      11.     On or about August 31, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

      **ANSWER:**    The City admits that Plaintiff purports to bring this action with regard to

the individual capacity of the Defendant Officers, and that, on August 31, 2007, Officers Gallagher and Beckman and Lieutenant Andrews were employed by the City of Chicago.  Upon information and belief, based upon Chicago Police Department records, the City admits that Gallagher, Beckman and Andrews were acting in their official capacity as law enforcement officers and acting within the scope of their employment.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

    12.    Upon information and belief, P.O. GALLAGHER #168815, on August 31, 2007, came into physical contact with PLAINTIFF.

    **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

    13.    Upon information and belief, P.O. BECKMAN #16887, on August 31, 2007, came into physical contact with PLAINTIFF.

    **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

    14.    Upon information and belief, J.R. ANDREWS #634 on August 31, 2007, came into physical contact with PLAINTIFF.

    **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## **CONSPIRACY**

    15.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

  b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

  c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

  d. agreeing not to report each other after falsely arresting PLAINTIFF;

  e. generating false documentation to cover-up for their own and each other's misconduct.

  **ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, including all of its subparts.

  16. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about August 31, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, and suffer emotionally.

  **ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## EQUAL PROTECTION

  17. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

  **ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

  18. In connection with the Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential

claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:** The City denies the allegations in this paragraph to the extent they pertain to the City of Chicago. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## *MONELL* ALLEGATIONS

19.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

> a.    generate false documentation to cover-up for the misconduct of fellow police officers;
> b.    engage in acts of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;
> c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;
> d.    fail to properly investigate a complaint of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;
> e.    fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;
> f.    allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens,

excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g.     fail to provide adequate sanctions/discipline to officers who commit false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them not to be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.     fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.     fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them not to be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.     fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

m.     fail to properly investigation officers who commit acts of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

      n.      fail to take proper remedial action with officers who commit acts of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts fo violence, such that a permissive atmosphere exists among officers wherein they believe that they wil not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

      o.      fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, fabrication of evidence, malicious prosecution significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

      **ANSWER:**    The City denies the allegations contained in this paragraph and its subparagraphs**.**

      20.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

      **ANSWER:**    The City denies the allegations contained in this paragraph and its subparagraphs**.**

      21.    A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

      **ANSWER:**    The City denies the allegations contained in this paragraph and its subparagraphs**.**

## COUNT I
### §1983 Excessive Force

22.     PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-19.

23.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT II
### §1983 False Arrest

25.     PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-19.

26.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

## COUNT III
### False Arrest - State Claim

28. PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:** The City incorporates its answers to paragraphs 1-19.

29. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT IV
### Battery - State Claim

31. PLAINTIFF re-alleges paragraphs 1 -19 as though fully set forth herein.

**ANSWER:** The City incorporates its answers to paragraphs 1-19.

32. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT V
### Malicious Prosecution – State Claim

35.   PLAINTIFF re-alleges paragraphs 1-19 as though fully set forth herein.

**ANSWER:**   The City incorporates its answers to paragraphs 1-19.

36.   The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37.   The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38.   The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:**   The City admits that, according to Chicago Police Department documents, the criminal charges brought pursuant to Plaintiff's August 31, 2007 arrest were dismissed on the grounds of *nolle prosequi*.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

39. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

40. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT VII
### § 1983 Conspiracy Claim

41. PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:** The City incorporates its answers to paragraphs 1-19.

42. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and the Fourteenth Amendment.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT VII
### Conspiracy Claim - State Law

43. PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:** The City incorporates its answers to paragraphs 1-19.

44. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

## COUNT VIII
### § 1983 Unlawful Seizure of Propery

45.     PLAINTIFF re-alleges paragraphs 1-19 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-19.

46.     The DEFENDANT OFFICERS seized and/or destroyed the property of the PLAINTIFF property without legal justification.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

47.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT IX
### § 1983 Equal Protection – Class of One

48.     PLAINTIFF re-alleges paragraphs 1-19 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-19.

49.     The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

50.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### COUNT X – *Monell*

51.    PLAINTIFF re-alleges paragraphs 1-19 as though fully set forth herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1-19.

52.    As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER:**    The City denies the allegations contained in this paragraph.

53.    Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

**ANSWER:**    The City denies the allegations contained in this paragraph.

54.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

**ANSWER:**    The City denies the allegations contained in this paragraph.

### COUNT XI
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

55.    PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1-19.

56.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:**    The City admits that Defendant Officers Gallagher and Beckman and

Lieutenant Andrews are employed by the City.

57.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:**     The City admits, upon information and belief, based upon Chicago Police Department records, that the Police Officers Gallagher and Beckman and Lieutenant Andrews were, at all times relevant to the complaint, acting within the scope of their employment and under color of law.  The City denies the remaining allegations contained in this paragraph.

## COUNT XII

### Supplementary Claim for *Respondeat Superior*

58.     PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-19.

59.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

ANSWER:     City admits upon information and belief, based upon Chicago Police Department records, that the Police Officers Gallagher and Beckman and Lieutenant Andrews were, at all times relevant to the complaint, employees of the Chicago Police Department acting within the scope of their employment.  City states that Plaintiff's allegation that "the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*" is a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal liability and therefore, the allegation is denied.  City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59.

WHEREFORE, City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged in Plaintiff's Complaint because a public employee is not liable for his or her acts or omissions in the execution of enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2.      A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997)

3.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 754 ILCS 10/2-208.

4.      Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

5.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, just be reduced by application of the principles of

comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See People of City of Rolling Meadows*, 167 I.ll.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

6. If the Defendant Officers are not found liable to Plaintiff on any of his state claims, City is not liable to Plaintiff. 745 ILCS 10/2-109.

7. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

8. Under Illinois law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec.203, 675 N.E.2d 110 (1996).

9. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

## JURY DEMAND

The City respectfully request a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:   */s/ Megan K. McGrath*
MEGAN K. McGRATH
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-8369 Office
(312) 744-3989 Fax